# CUTTS v STATE OF FLORIDA
## Case No. 83-36-AP
Fourth Judicial Circuit, Duval County
July 8, 1987

### APPEARANCES OF COUNSEL

**Louis O. Frost, Jr.,** Public Defender, and **James T. Miller,** Assistant Public Defender, for appellant.

**Ed Austin,** State Attorney, and **Michelle L. McCain,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

HENRY F. MARTIN, JR., Circuit Judge.

The question presented on this appeal is whether or not the procedure used by police officers at a DUI roadblock passes constitutional muster. Specifically, the query becomes whether the trial court properly

denied a motion to suppress evidence gathered pursuant to a stop made at such roadblock.

The basic facts are undisputed. In the late evening of October 19, 1985, several police officers "sealed off" an apartment complex by establishing a roadblock at the entrance and exit thereof. The stated purposes were: (1) to apprehend intoxicated drivers, (2) to attempt to curtail drug dealing in an area allegedly frequented by drug traffickers, (3) to warn residents of recent violent crimes committed in the area, and (4) to determine who was coming into the area who did not actually live there. The operation lasted approximately 2-1/2 hours and the officers were verbally instructed by a supervisor to stop every vehicle. Approximately 70 vehicles were stopped for a brief period. Two arrests were made: one person for driving with a suspended license and appellant for D.W.I. It is undisputed that the roadblock was *not* conducted according to any set of written guidelines or instructions.

Appellant filed a motion to suppress the intoxilyzer results and all other derivative evidence obtained pursuant to his arrest. This motion was denied by the trial court. Appellant then entered a plea of "no contest" with a reservation of right to appeal the denial of the motion to suppress.

The disposition of this appeal appears to be mandated by *State v. Jones*, 483 So.2d 433 (Fla. 1986). There, the Florida Supreme Court analyzed the conditions and factors to be considered in determining whether a given roadblock satisfies constitutional standards. It would serve no useful purpose to set forth a repetition of the analysis of that court or to further detail the facts of the present case in view of the absence of one of the necessary elements or factors stated by the Supreme Court as follows: "Because DUI roadblocks involve seizures made without any articulable suspicion of illegal activity, most states examining this issue have ruled that such roadblocks stand or fall based on some set of neutral criteria governing the officers in the field.* * * Courts requiring such a neutral plan do so out of a fear that unbridled discretion in the field invites abuse. *We agree and find that it is essential that a written set of uniform guidelines be issued before a roadblock can be utilized." (Emphasis Supplied)*

It is apparent from the foregoing that the absence of such essential element renders the procedure used to arrest appellant in the instant case violative of his Fourth Amendment rights and that the trial court should have granted the motion to suppress.

Accordingly, this cause must be and is hereby *REVERSED* for further proceedings in the trial court not inconsistent herewith.